## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHRIS OGLESBY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| HOLIDAY BAR, LLC; | ) | COMPLAINT |
| and CAMARAN BURKE; | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Chris Oglesby ("Plaintiff"), by and through counsel, files this Complaint against Defendant Holiday Bar, LLC and Defendant Camaran Burke (together, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.

In support of his claims, Plaintiff asserts as follows:

## INTRODUCTION

1.      This lawsuit arises because Defendants improperly withheld Plaintiff's tips in violation of the FLSA and failed to properly pay Plaintiff's wages during the period from January 2023 through the present.

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction over Plaintiff's FLSA claims

1

pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3.      Plaintiff is a resident of Georgia in this judicial district and division.

4.      Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 *et seq*. and 29 U.S.C. § 203(e).

5.      Defendant Holiday Bar LLC is a Georgia limited liability company with its principal place of business at 1115 Howell Mill Rd NW P150, Atlanta, Georgia 30318, where it operates a bar ("Holiday").

6.      Defendant Holiday Bar LLC's registered agent for service of process is Ryan Covert, with address of 270 17th St. NW Unit 1104, Atlanta, Georgia, 30363.

7.      Defendant Holiday Bar LLC annual gross revenue and volume of sales exceeded $500,000.00 for each year in the relevant period.

8.      Defendant Camaran Burke was at all relevant times the owner, general manager, and primary decision maker for Holiday. Defendant Burke controlled all aspects of Plaintiff's employment relating to the FLSA violations alleged herein.

9.      At all relevant times, Defendants have continuously been employers

engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

10.   Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

11.   Defendants own and operate Holiday, a bar located at 1115 Howell Mill Rd NW P150, Atlanta, Georgia 30318.

### A. Plaintiff's Employment with Defendants.

12.   Plaintiff is employed by Defendants as a bartender at Holiday.

13.   Defendants hired Plaintiff in January of 2023.

14.   Plaintiff is presently employed by Defendants.

15.   At all relevant times, Plaintiff was and is an "employee" of Defendants as that term is used in 29 U.S.C. § 203(e)(1).

16.   At all relevant times, Defendants employed, and/or continue to employ, Plaintiff within the meaning of the FLSA.

17.   At all relevant times, Plaintiff was and is a non-exempt employee for Defendants.

### B. Defendant Burke Was a Joint Employer and Is Liable for the FLSA Violations.

18.   At all relevant times, Defendant Burke was an owner, general manager, and primary decision maker for Holiday. As such, he had had control and direction over workplace conditions, operations, personnel, and compensation of

3

Holiday's employees. He participated in hiring and firing decisions relating to Plaintiff, approved Plaintiff's hours and days off, and determined Plaintiff's wages, including wages for overtime work.

19.    At all relevant times, Defendant Burke exercised sufficient control over Plaintiff's employment relating to the hours worked, meetings, tip pool operation, and wages and payment decisions to cause Defendant Burke to be individually liable for the FLSA violations.

20.    All actions relating to Holiday were at the direction and control of Defendant Burke and are attributable to both corporate defendant Holiday Bar LLC and individual defendant Camaran Burke as "Defendants" herein.

## C. Defendants Denied Plaintiff Earned Wages.

21.    At all relevant times, Defendants paid Plaintiff either no wage or a tip credit wage (less than minimum wage) for all hours worked at Holiday.

22.    Federal law permits Defendants to pay employees less than the minimum wage so long as they are working a tipped occupation and able to earn tips.

### 1. Plaintiff's improperly withheld tips

23.    Plaintiff received tips from a tip pool.

24.   Defendants did not properly notify Plaintiff of the basis for contributions and payout of tips from the tip pool, in violation of the FLSA, 29 U.S.C. 203(m)(2).

25.   Defendants improperly allowed managers and supervisors to receive tips from the tip pool, in violation of the FLSA, 29 U.S.C. 203(m)(2)(B).

26.   During the last week of November 2024, Defendant paid Plaintiff $3.25 per hour as "TIP makeup" in addition to his regular tipped wage. Defendant improperly withheld the remainder of Plaintiff's tips.

27.   Defendants willfully and/or deliberately withheld tips in violation of the FLSA.

28.   Defendants maintained records of gross sales and tips that Plaintiff earned at Holiday.

## 2.   Underpayment claims for non-customer service duties

29.   Federal law prohibits Defendants from utilizing the tip credit when requiring employees to perform non-tip-producing tasks that are not contemporaneous with tip-producing activities or are not for reasonable times immediately before or after performing contemporaneous tipped activities.

30.   While employed as a bartender at Holiday, Plaintiff was routinely assigned opening and closing duties for substantial periods of time that included non-tipped, maintenance-type, food and drink prep, cleaning, and other non-

5

customer service duties. Such duties were assigned when the bar was closed and when no customer service was being provided, and no tips were being earned, and occupied extended periods of more than more than 1 hour.

31.    These opening and closing duties were not contemporaneous with customer service, were substantial, and amounted to a separate, non-tipped occupation.

32.    Some of the opening and closing duties were not related to his tipped occupation.

33.    These opening and closing duties were not contemporaneous with Plaintiff's customer service duties.

34.    These opening and closing duties were performed both before and after customer service and for extensive periods of time that were not reasonable times immediately before or after tipped activities.

35.    Plaintiff's opening and closing bartender duties extended to the entire restaurant beyond areas where they served customers.

36.    Plaintiff's mandatory opening and closing server duties consumed a substantial portion of the workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes, and longer than *de minimis* time periods.

37.    The opening duties were not tipped duties and were required to be

performed for extensive and unreasonable periods of time before serving customers and before Holiday opened.

38. The closing duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time after serving customers and after Holiday closed.

39. Such opening and closing duties included, but were not limited to: extensive cleaning of the bar area, cleaning tables and booths, folding and stocking napkins, preparing trays of fruit garnishes, stocking and pre-mixing alcohols; stocking the refrigerator with sodas and juices, restocking bar supplies, cutting fruit, making syrups, restocking ice bins, making tea and coffee, sweeping floors, setting up the bar, and running errands to purchase supplies.

40. There was a clear dividing line between Plaintiff's customer service duties and Plaintiff's non-customer service, opening and closing duties, particularly because extensive non-customer service duties were required before Holiday was open and after it was closed, and before Plaintiff was assigned any customers and after all of Plaintiff's customers had been served.

41. Plaintiff's non-serving duties accounted for over 20% of each workday and workweek at Holiday.

42. The contemporaneous duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time during Plaintiff's

7

shift.

### 3. Underpayment claims for off-the-clock work

43. Defendants denied Plaintiff minimum wage compensation for time spent working off the clock.

44. Defendants sometimes clocked Plaintiff out while he was still performing closing duties. This resulted in Plaintiff not being paid for those hours worked and Plaintiff not earning minimum wage during the workweek.

45. Defendants sometimes intentionally reduced Plaintiff's clock in hours, which resulted in Plaintiff not getting paid for all hours worked and not earning minimum wage for all hours worked during the workweek.

### 4. Underpayment claims for non-tipped work

46. Defendants required Plaintiff and other employees to attend staff meetings and cleaning shifts which involved no customer service.

47. During mandatory staff meetings and cleanings shifts, Holiday was closed and no customers were present.

48. Defendants claimed a tip credit for the time Plaintiff and other employees spent in mandatory staff meetings and cleaning shifts.

49. Defendants violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for time spent in mandatory meetings and cleaning shifts.

50.     Defendants' policy and practice of claiming a tip credit during all hours worked by their employees, including Plaintiff, even at staff meetings and cleaning shifts where no customer-service duties were performed, violated the FLSA.

### 5. Overtime

51.     Plaintiff occasionally worked at Holiday in excess of 40 hours in a workweek.

52.     Plaintiff's paychecks show that Defendants did not compensate Plaintiff for hours worked in excess of 40 at the FLSA-mandated rate of one and a half times his regular rate of pay.

53.     Defendants violated the FLSA by willfully refusing to pay Plaintiff proper overtime compensation for time spent working over 40 hours in a workweek.

54.     Defendants' policy and practice of not paying Plaintiff at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek violates the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**UNPAID WAGES**

55.     At all relevant times, Defendants were Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

57.    At all relevant times, Defendants improperly withheld Plaintiff's tips in violation of the FLSA.

58.    At all relevant times, Defendants improperly took a tip credit against Plaintiff's wages.

59.    At all relevant times, Defendants failed to compensate Plaintiff at the applicable federal minimum wage.

60.    On workweeks when Plaintiff worked more than 40 hours, Defendants failed to pay overtime compensation at 1 ½ times the regular rate of pay as required by the FLSA.

61.    As a result of Defendants' willful failure to pay Plaintiff the appropriate wage, Defendants violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

62.    Defendants' conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.    Due to Defendants' FLSA violations, Plaintiff was damaged and are entitled to recover from Defendants compensation for unpaid minimum wage; improperly withheld tips; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

10

## COUNT II
## FAIR LABOR STANDARDS ACT
## RETALIATION

64.     At all relevant times, Defendants were Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

66.     On or around December 31, 2024, Plaintiff stated to Defendants that he wanted to be properly compensated at the minimum wage for attendance at a cleaning shift.

67.     In response, Defendants asked Plaintiff if he intended to file a lawsuit relating to improper tip-credit claims and other minimum-wage violations at Holiday.

68.     Plaintiff responded that he was preparing to file a lawsuit.

69.     Shortly thereafter, Defendants reduced the number of shifts and the number of hours in each shifts assigned to Plaintiff, as reflected on schedules issued after Plaintiff discussed the potential lawsuit with Defendants.

70.     As a direct result of Defendants' unlawful retaliation, Plaintiff has suffered lost wages which he seeks to recover from Defendants.

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court

grant the following relief against Defendants:

    A.    Award of all unpaid wages, including but not limited to, all unpaid minimum wage and overtime compensation and improperly withheld tips, due under the FLSA to Plaintiff;

    B.    Award of liquidated damages to the Plaintiff;

    C.    Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    D.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this February 5, 2025.

HALL & LAMPROS, LLP

/s/ *Ricardo Gilb*
Ricardo Gilb
Georgia Bar No. 564635
Christopher B. Hall
Georgia Bar No. 313380

300 Galleria Parkway,
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile

12

ricardo@hallandlampros.com
chall@hallandlampros.com

*Attorneys for Plaintiff*