# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHRIS OGLESBY,                    )
                              )
    Plaintiff,   )
                              )
v.                               )    CIVIL ACTION FILE
                              )
HOLIDAY BAR, LLC and             )    NO. 1:25-cv-00523-LMM
CAMARAN BURKE,                   )
                              )
    Defendants.  )
                              )

## ANSWER TO COMPLAINT

Defendants Holiday Bar, LLC (the "Company") and Camaran Burke ("Burke")(the Company and Burke sometimes hereinafter referred to collectively as the "Defendants"), and for their Answer to Complaint, state as follows:

## ANSWER

1. Defendants deny the allegations contained in paragraph 1 under the heading "Introduction" in the Complaint.

1. Defendants admit the allegations contained in paragraph 1 under the heading "Jurisdiction and Venue" in the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants neither admit nor deny the allegations contained in paragraph 3 of the Complaint for lack of information or knowledge sufficient to form a belief about the truth of the allegations.

4. Paragraph 4 of the Complaint improperly requires a legal conclusion and to that extent, the Defendants deny the allegations. Defendants also deny the allegations contained in paragraph 4 of the Complaint to the extent that they include Burke. In further response to the allegations contained in paragraph 4 of the Complaint, the Defendants admit that the Company was an employer of the Plaintiff. The Defendants deny any remaining allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, Defendants admit that Burke owns a small percentage of the Company, is the general manager for the bar owned by the Company and manages the staff of the bar. Defendants deny the allegation that there were any FLSA violations. In further response, Defendants state that the allegations in paragraph 8 improperly require a legal conclusion and Defendants deny the allegations in paragraph 8 to the extent of the same. Defendants deny any remaining allegations contained in paragraph 8 of the Complaint.

9. In response to the allegations in paragraph 9 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and

2

Defendants deny the allegations in paragraph 9 to the extent of the same. Defendants deny the allegations contained in paragraph 9 to the extent that they include Burke, and deny any remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint as it relates to the Company, deny the allegations in paragraph 10 to the extent that it includes Burke, and deny any remaining allegations contained in paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, the Defendants state that the Company owns and operates the bar referenced in paragraph 11 of the Complaint and that Burke owns a small percentage of the Company. Defendants deny any remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, the Defendants admit that the Company hired the Plaintiff in January 2023. The Defendants deny any remaining allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. In response to the allegations in paragraph 15 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and

3

Defendants deny the allegations in paragraph 15 to the extent of the same. Defendants further deny the allegations contained in paragraph 15 of the Complaint to the extent that it refers to or includes Burke. Defendants additionally deny paragraph 15 to the extent that it states that the Plaintiff is presently employed.  Defendants deny any remaining allegations contained in paragraph 15  of the Complaint.

16. In response to the allegations in paragraph 16 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and Defendants deny the allegations in paragraph 16 to the extent of the same. Defendants further deny the allegations contained in paragraph 16 of the Complaint to the extent that it refers to or includes Burke. Defendants additionally deny paragraph 16 to the extent that it states that the Plaintiff is presently employed.  Defendants deny any remaining allegations contained in paragraph 16  of the Complaint.

17. In response to the allegations in paragraph 17 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and Defendants deny the allegations in paragraph 17 to the extent of the same. Defendants deny the allegations contained in paragraph 17 of the Complaint to the extent that it refers to or includes Burke. Defendants further deny

paragraph 17 to the extent that it states that the Plaintiff is employed or continues to be employed.

18. In response to the allegations contained in paragraph 18, the Defendants state that Burke managed the bar staff and owned a small percentage of the of the Company. In further response, Defendants deny that Burke was a decisions maker for the Company. Defendants deny any remaining allegations contained in paragraph 18.

19. In response to the allegations in paragraph 19 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and Defendants deny the allegations in paragraph 19 to the extent of the same. Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20. In response to the allegations in paragraph 20 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and Defendants deny the allegations in paragraph 20 to the extent of the same. Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegation contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint constitute an alleged statement of law which requires no response. In further response to

the allegations contained in paragraph 22 of the Complaint, the Defendants state that that the allegations therein improperly require a legal conclusion and Defendants deny the allegations contained in paragraph 22 of the Complaint. Defendants deny all remaining allegations contained in in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. In response to the allegations in paragraph 24 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and Defendants deny the allegations in paragraph 24 to the extent of the same. In further response, Defendants deny the allegations that Plaintiff did not receive notice of the basis for the tip pool. Defendants deny any remaining allegations contained in paragraph 24 of the Complaint.

25. In response to the allegations in paragraph 25 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and Defendants deny the allegations in paragraph 25 to the extent of the same. Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26. In response to the allegations contained in paragraph 26 of the Complaint, the Defendants admit that the amount of tips was miscalculated for one

week, and the amount was corrected as a "Tip Makeup."   Defendants deny any wrongful conduct as alleged by the Plaintiff in paragraph 26 of the Complaint. Defendants deny any remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint constitute an alleged statement of law which requires no response.  In further response to the allegations contained in paragraph 29 of the Complaint, the Defendants state that that the allegations therein improperly require a legal conclusion and Defendants deny the allegations contained in paragraph 29 of the Complaint.   Defendants deny all remaining allegations contained in in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint In addition, the Defendants deny the allegations regarding alleged no-tip producing work contained in paragraph 30 of the Complaint to the extent that they state or imply that any such duties assigned to the Plaintiff  were in violation of the FLSA.

31. In response to the allegations in paragraph 31 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 31 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint. In further response, the Defendants state that the allegations contained in paragraph 39 of the Complaint erroneously include duties to which bartenders were not assigned, and erroneously imply that all such duties were assigned.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint. In further response to the allegations contained in paragraph 40 of the

Complaint, the Defendants state the duties assigned to the Plaintiff were related to his tip producing occupation.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in paragraph 46 of the Complaint, but further state that minimum wage was paid for such mandatory meetings or cleaning shifts.

47. Defendants admit the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. In response to the allegations in paragraph 49 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 49 to the extent of the same.  Defendants further deny the  allegations contained in paragraph 49 of the Complaint.

50. In response to the allegations in paragraph 50 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and

therefore Defendants deny the allegations in paragraph 50 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 50 of the Complaint.

51. Defendants admit the allegations in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. In response to the allegations in paragraph 53 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 53 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 53 of the Complaint.

54. In response to the allegations in paragraph 54 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 54 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 54 of the Complaint.

55. In response to the allegations in paragraph 55 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 55 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 55 of the Complaint to the extent that it includes Burke.

56. In response to the allegations in paragraph 56 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 56 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 56 of the Complaint to the extent that it includes Burke.

57. In response to the allegations in paragraph 57 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 57 to the extent of the same. Defendants further deny the remaining allegations contained in paragraph 57 of the Complaint to the extent that it includes Burke. Defendants additionally deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. In response to the allegations in paragraph 60 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 60 to the extent of the same. Defendants further deny the allegations contained in paragraph 60 of the Complaint to the extent that it includes Burke. Defendants

11

additionally deny the remaining allegations contained in paragraph 60 of the Complaint.

61. In response to the allegations in paragraph 61 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 61 to the extent of the same. Defendants further deny the allegations contained in paragraph 61 of the Complaint to the extent that it includes Burke. Defendants additionally deny the remaining allegations contained in paragraph 61 of the Complaint.

62. In response to the allegations in paragraph 62 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 62 to the extent of the same. Defendants further deny the allegations contained in paragraph 62 of the Complaint to the extent that it includes Burke. Defendants additionally deny the remaining allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. In response to the allegations in paragraph 64 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 64 to the extent of

the same. Defendants further deny the allegations contained in paragraph 64 of the Complaint to the extent that it includes Burke.

65. In response to the allegations in paragraph 65 of the Complaint, Defendants state that the allegations therein improperly require a legal conclusion and therefore Defendants deny the allegations in paragraph 65 to the extent of the same. Defendants further deny the allegations contained in paragraph 65 of the Complaint to the extent that it includes Burke.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint as stated. In further response, the Defendants state that the Plaintiff stated that he was going to sue "us" and that he was "really good at suing people." Defendants deny any remaining allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 as stated. In further response, the Defendants state that, prior to his threat to "sue us," the reduction in the Plaintiff's shifts was discussed with him due to performance issues.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

72. To the extent that any allegation contained in the Complaint is not expressly admitted in this Answer, it is hereby denied.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

Defendants hereby assert the following additional and/or affirmative defenses. The defenses are made without representing or conceding that the Defendants have the burden of proof or that the defenses necessarily constitute "affirmative defenses" under Federal Rule of Civil Procedure 8(c) or other applicable law. No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense will result in waiver thereof. The Defendants further reserve the right to assert additional defenses (including affirmative defenses) and matters in avoidance that may be disclosed by additional investigation and discovery.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred by the applicable statutes of limitations and/or doctrine of laches.

14

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel, including collateral estoppel.

## FIFTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment and release.

## SIXTH DEFENSE

Defendants are entitled to the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

## SEVENTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

## EIGHTH DEFENSE

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

15

### NINTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### TENTH DEFENSE

Plaintiff's claims are barred as Plaintiff caused or contributed to the damages Plaintiff claims to have suffered by the submission by Plaintiff of his own time records, for which Defendants compensated him for all hours, including overtime.

### ELEVENTH DEFENSE

Without assuming the burden of proof, Plaintiff's claims are barred as Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff himself reported his time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

### TWELFTH DEFENSE

Plaintiff's claims are barred as Plaintiff has failed to mitigate or avoid the damages complained of in the Complaint, if any.

### THIRTEENTH DEFENSE

To the extent that Plaintiff worked any hours for which he was not compensated, Defendants lacked knowledge of those hours worked.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent he violated policies, procedures or instructions of his supervisors or managers.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he  has failed to exhaust administrative remedies.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred as Defendants' actions  with respect to Plaintiff were supported by legitimate business reasons.

## SEVENTEENTH  DEFENSE

Plaintiff is barred from recovery of damages  not recoverable under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award Defendants their  costs and attorney fees incurred herein and grant any other relief this Court deems just.

Lisa F. Harper
Georgia Bar No. 328314
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Phone: (404) 640-5955
Email: lharper@taylorenglish.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRIS OGLESBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| HOLIDAY BAR, LLC and | ) | NO. 1:25-cv-00523-LMM |
| CAMARAN BURKE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February 2025 electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Ricardo Gilb, Esq.
Christopher B. Hall, Esq.
Hall & Lampros, LLP
300 Galleria Parkway
Suite 300
Atlanta, Georgia 30339
ricardo@hallandlampros.com
chall@hallandlampros.com

Lisa F. Harper
Georgia Bar No. 328314